IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN VALENTIC, | ) |
|       Plaintiff, | ) CIVIL ACTION NO. 2:21-cv-1789 |
| v. | ) |
| THE BROCK GROUP, INC., BROCK INDUSTRIAL SERVICES, LLC, and BROCK SERVICES, LLC, | ) |
|       Defendants. | ) |

**NOTICE OF REMOVAL**

Defendants Brock Industrial Services, LLC, Brock Services, LLC, and The Brock Group, Inc. (collectively "Brock")[1], by and through their undersigned counsel, hereby jointly give notice, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, of the removal of the above-captioned action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania. In support hereof, Brock state the following:

**I.   REMOVAL IS TIMELY**

1. On or about November 3, 2021, Plaintiff Alan Valentic ("Plaintiff") commenced a civil action against Brock by filing a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, at GD-21-013600. A true and correct copy of the Complaint is attached as Exhibit 1.

---

[1] Plaintiff improperly names The Brock Group, Inc. and Brock Services, LLC as defendants. At all times relevant to the Complaint, Brock Industrial Services, LLC was Plaintiff's employer and provided employees to perform work at the Shell Cracker Plant.

2. Brock Industrial Services, LLC and The Brock Group, Inc. first received a copy of the Complaint on November 9, 2021. Brock Services, LLC first received a copy of the Complaint on November 8, 2021.

3. Plaintiff's Complaint was the first pleading filed by Plaintiff and received by Brock that set forth the claims for relief upon which Plaintiff brings this action against Brock.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after Brock received a copy of the Complaint.

**II.   VENUE IS PROPER**

5. The Court of Common Pleas for Allegheny County, Pennsylvania is located within the United States District Court for the Western District of Pennsylvania, Pittsburgh Division. *See* 28 U.S.C. § 118(c).

6. Thus, venue is proper in this Court because it is the "district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**III.   THIS COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S ACTION PURSUANT TO 28 U.S.C. § 1332(A)(1)**

7. This Court has original jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332(a)(1). As set forth in more detail below, the matter is between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.[2]

  **A.   The Named Parties Are Citizens Of Different States.**

8. Plaintiff is a citizen of Pennsylvania. (Compl., ¶ 2).

---

[2] This Court also has supplemental jurisdiction over the claims of the purported class members. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) (Supplemental jurisdiction over the claims of the purported class members is appropriate so long as the named parties satisfy the requirements of 28 U.S.C. § 1332(a)(1)).

2

9. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." 28 U.S.C. § 1332(c)(1).[3]

10. Brock Industrial Services, LLC is a business entity organized in the state of Delaware with its headquarters and principal place of business in Joliet, Illinois. (*See* Compl., ¶ 4).

11. Thus, Brock Industrial Services, LLC is a citizen of both Delaware and Illinois.

12. The Brock Group, Inc. is a business entity incorporated in the state of Delaware with its headquarters and principal place of business in Houston, Texas. (*See* Compl., ¶ 3).

13. Thus, The Brock Group, Inc. is a citizen of both Delaware and Texas.

14. Brock Services, LLC is a business entity incorporated in the state of Texas with its headquarters and principal place of business in Houston, Texas. (*See* Compl., ¶ 5).

15. Thus, Brock Services, LLC is a citizen of Texas.

16. Therefore, complete diversity of citizenship between Plaintiff and Brock exists.

**B.     The Amount In Controversy Exceeds $75,000, Exclusive of Interest and Costs.[4]**

17. Plaintiff seeks to recover damages for alleged violations of the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, including unpaid overtime wages,

---

[3] "'Principal place of business' under § 1332(c)(1) referred to where a corporation's officers directed, controlled, and coordinated the corporation's activities, a 'nerve center.' It would normally be a corporation's headquarters--provided it was not simply an office for board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 77 (2010).

[4] Brock does not admit the allegations in the Complaint are true. Brock only assumes the allegations in Plaintiff's Complaint are true for purposes of analyzing whether this Court has original jurisdiction over this action based on diversity. At the appropriate time, Brock will demonstrate that Plaintiff is not entitled to any of the relief sought in the Complaint, nor does Plaintiff satisfy the prerequisites for pursuing the claims on a class action basis.

prejudgment interest, litigation costs, expenses, reasonable attorneys' fees, and other legal or equitable relief that the Court deems just and appropriate. (*See* Compl., Prayer for Relief).

18. Plaintiff's Complaint does not state the exact monetary amount Plaintiff seeks in damages. Instead, Plaintiff seeks a judgment in his favor against Brock for alleged "unpaid overtime wages in the amount exceeding $35,000.00…." (Comp., Prayer for Relief).

19. Where Plaintiff's Complaint is silent regarding the amount he specifically seeks, the amount in controversy may be calculated based on a reasonable reading of the complaint. *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 401 (3d Cir. 2016) ("The court must measure the amount 'not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'") (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

20. Plaintiff alleges that he has been employed by all defendants since January 2021, or approximately 48 weeks. (*See* Compl., ¶ 13). While he was actually only employed by Brock Industrial Services, LLC, Plaintiff's base rate of pay ranged from $42.03 to $43.15 and absent receiving other remuneration his overtime rate of pay ranged from $63.045 to $64.725.

21. In the Complaint, Plaintiff also alleges that at the beginning of his shift he (and the purported class members) performed the following uncompensated activities:

      i. "waiting for a bus at the parking lot assigned by Defendants,

      ii. riding the bus to the job site, and

      iii. traveling to the punch clock location."

(Compl., ¶ 20).

22. Plaintiff also alleges that at the end of his shift he (and the purported class members) performed the following uncompensated activities: "traveling from the punch clock

location to the bus, waiting for the bus, and riding the bus back to the parking lot as directed by Defendants." (Compl., ¶ 21).

23.  Based on Plaintiff's factual averments regarding his uncompensated time, it is reasonable to presume Plaintiff's claims reflect uncompensated overtime hours of approximately 2 hours. For example, while there are other parking lots, Plaintiff identifies the "Brown Lot" located at 2400 Sweeney Drive, Clinton, Pennsylvania 15026 and "Orange Lot" located at 801 Flaugherty Run Road, Coraopolis, Pennsylvania 15108. (Compl., ¶ 9). The drive time from the "Brown Lot" or "Orange Lot" to the Shell Cracker Plant could each be as long as 30 minutes, depending on the time of day and traffic congestion, each way. Thus, the commute from those parking lots, respectively, to the Shell Cracker Plant before the start of Plaintiff's work shift and from the Shell Cracker Plant to either parking lot after his work shift could amount to approximately 1 hour.

24.  It is also reasonable to conclude from the Complaint that the other tasks outlined in Paragraphs 20-21 of the Complaint would, in the aggregate, amount to an additional one hour (30 minutes of time before and 30 minutes of time after each shift) of time. Indeed, as noted in the Complaint, Plaintiff alleges that Brocks' "schemes…have resulted in Mr. Valentic and the Putative Class being denied **_substantial_** amounts of overtime compensation…." (Compl., ¶ 22) (emphasis added).

25.  A reasonable reading of the Plaintiff's Complaint therefore demonstrates Plaintiff may be seeking 2 hours of unpaid time each workday, which at Plaintiff's overtime rate of pay and days worked results in approximately $31,201.17 in allegedly unpaid overtime compensation.

26. In addition, attorneys' fees should be included in the amount in controversy for purposes of determining diversity jurisdiction when fees are allowed by statute. *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).

27. The PMWA allows for the recovery of attorneys' fees. *Id* at § 333.113.

28. Plaintiffs' attorneys' fees alone may also meet or exceed $75,000.[5]

29. Competent wage and hour attorneys have petitioned courts to approve settlements in which they represent their hourly rates in wage and hour cases to be $400 - $670 per hour. *See* Exhibit 2 (12/22/20 Order entered by Judge Robert Mariani).

30. Under these rates, Plaintiff's counsel would only need to collectively work approximately 65.37 to 109.50 hours in order to surpass fees of $43,798.83.[6] At between 112 to 187.5 hours, attorneys' fees alone exceed the $75,000 amount in controversy requirement.

31. It is common for competent counsel to spend well over 187 hours on litigating a wage and hour case through settlement. While the undersigned were unable to locate any fee petitions or otherwise wage and hour attorney's fee awards related specifically to Plaintiff's counsel, the undersigned were able to find other exemplars of similarly competent counsel's requests and/or awards for reasonable attorney's fees. By way of several examples:

   i. In 2016, Winebrake & Santillo, a well-regarded wage and hour law firm in Pennsylvania, represented that they, along with their co-counsel, worked a total of 417.5 attorney hours on an FLSA and PMWA wage-and-hour lawsuit

---

[5] Brock does not admit the allegations in the Complaint are true. Brock only assumes the allegations in Plaintiff's Complaint are true for purposes of analyzing whether this Court has original jurisdiction over this action based on diversity. At the appropriate time, Brock will demonstrate that Plaintiff is not entitled to any of the relief sought in the Complaint, nor does Plaintiff satisfy the prerequisites for pursuing the claims on a class action basis.

[6] At a $400 rate, just over 120 hours results in fees and unpaid wages of $75,000. At a $670 rate, just over 71 hours results in an amount in controversy of $75,000.

        against the County of Montgomery. *See* Exhibit 3 (Plaintiffs' Brief in Support of Their Motion for Costs and Attorney's Fees). At rates of $400 to $670 per hour, that represents a lodestar of between $167,000 to $279,725 in fees.

ii. In 2014, the same firm represented that they, along with co-counsel, worked a total of 344 attorney hours on an FLSA and PMWA wage-and-hour lawsuit against Fast Rig Support, LLC *See* Exhibit 4 (Plaintiffs' Brief in Support of Their Motion for Costs and Attorney's Fees). At rates of $400 to $670 per hour, that represents a lodestar of between $137,600 to $230,480 in fees.

iii. The same firm represented to the court that they dedicated 331.7 hours of attorney time to the wage and hour lawsuit. They requested $104,357.50 in attorneys' fees that resulted in unpaid wages $17,400 for three plaintiffs. *See* Exhibit 5 (Winebrake & Santillo Motion for Award of Attorneys' fees and Costs in the *Gonzalez v. Bustleton Services, Inc.* matter). At rates of $400 to $670 per hour, that represents a lodestar of between $132,680 to $222,239 in fees.

iv. In 2014, the same firm represented that they worked a total of 127.5 hours before settling a wage-and-hour lawsuit against Peak Energy Services USA, Inc. *See* Exhibit 6 (Declaration of R. Andrew Santillo, Esq in Support of Plaintiff's Unopposed Motion for Approval of Attorneys' Fees and Costs). At rates of $400 to $670 per hour, that represents a lodestar of between $51,000 to $85,425 in fees. Winebrake & Santillo's hours worked in that case *were in addition to* the hours worked by lead counsel for plaintiffs at Berger and

7

Montague, P.C., and Hardin & Hughes, LLP. Therefore, total fees in that case were higher than just the fees requested by Winebrake & Santillo.

32. Indeed, complex wage and hour cases such as the instant matter can result in the award of attorneys' fees well in excess of $100,000 per pro-rated plaintiff. *See Mozingo v. Oil States Energy Servs., L.L.C.*, No. 15-529, 2018 U.S. Dist. LEXIS 158780, at *39 (W.D. Pa. Sep. 18, 2018) (awarding $2,263,904.50 in attorneys' fees related to the successful trial claims of 8 plaintiffs, which pro-rated per plaintiff amounts to $282,988.06).

33. In light of Plaintiff's unpaid wages claim reflecting a potential recovery of approximately $31,201.17 and request for attorneys' fees, it is clear from the face of Plaintiff's Complaint that the amount in controversy exceeds $75,000.

34. Accordingly, the amount in controversy attributable to Plaintiff exceeds the sum or value of $75,000 and the requirements of 28 U.S.C. § 1332(a)(1) are satisfied.

**IV. THIS COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S ACTION PURSUANT TO 28 U.S.C. § 1332(D)(2)(A)**

35. Removal is also appropriate in this case because the Court also has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A).

**A. A Member Of The Purported Class Of Plaintiffs Is A Citizen Of A State Different From Brock.**

36. As outlined above, Plaintiff is a citizen of Pennsylvania, while Brock Industrial Services, LLC is a citizen of Delaware and Illinois and The Brock Group is a citizen of Delaware and Texas.

**B.     The Purported Class's Amount In Controversy Exceeds $5,000,000.**[7]

37.     In addition to bringing this case on behalf of himself, Plaintiff also seeks to represent a purported class, defined as:

> similarly situated individuals employed by Defendants at the Shell Cracker Plant at any time within the three years prior to the commencement of this legal action, who were non-exempt employees and who worked in excess of forty (40) hours in any given work week, but who did not receive overtime compensation of one and one half times their regular hourly rate for all compensable work activities....

(Compl., ¶ 7).

38.     Upon information and belief, Plaintiff's purported class is in excess of 1,000 individuals.

39.     Plaintiffs' Complaint does not assert the number of hours he and those he seeks to represent worked without compensation.

40.     If each member of the potential class Plaintiff seeks to recover the same amount of unpaid wages as the Plaintiff, the total back wages sought in this case alone would plainly exceed the monetary requirement of 28 U.S.C. § 1332(d)(2).

41.     Notwithstanding the fact that the purported unpaid wages of the class plainly exceed the monetary requirement of 28 U.S.C. § 1332(d)(2), attorneys' fees would likewise be considered when evaluating whether the matter in controversy exceeds the sum or value of $5,000,000.

42.     The instant Notice of Removal does not waive any defenses, denials, objections, or claims Defendant has, all of which are expressly preserved.

---

[7] Brock does not admit the allegations in the Complaint are true. Brock only assumes the allegations in Plaintiff's Complaint are true for purposes of analyzing whether this Court has original jurisdiction over this action based on diversity.

**C.     Notice to Plaintiff and to State Court**

43.    True and correct copies of this Notice of Removal with accompanying exhibits and Notice of Removal directed to the State Court are being served upon Plaintiff's counsel and filed with the Clerk of the Court of Common Pleas of Allegheny County, Pennsylvania, in accordance with the provisions of 28. U.S.C. § 1446(d).

WHEREFORE, Defendants Brock Industrial Services, LLC, Brock Services, LLC, and The Brock Group, Inc. respectfully request that the instant action, currently pending in the Court of Common Pleas of Allegheny County, Pennsylvania, at GD-21-013600, be removed to this Court, that this Court accept jurisdiction, and that this action be henceforth placed on the docket of this Court for all further proceedings as though the same action had been originally instituted and commenced in this Court.

Respectfully submitted,

/s/ Christian A. Angotti
Christopher Michalski
PA ID No. 93236
cmichalski@littler.com
Christian A. Angotti
PA ID No. 322881
cangotti@littler.com

LITTLER MENDELSON, P.C.
625 Liberty Avenue
26th Floor
Pittsburgh, PA 15222
PH: 412.201.7600
FAX: 412. 774.1957

Attorneys for Defendants,
*Brock Industrial Services, LLC, Brock Services, LLC, and The Brock Group, Inc.*

Dated: December 8, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2021, a true and correct copy of the foregoing Notice of Removal was served via email and first-class U.S. mail, postage prepaid, upon the following counsel of record:

>Joseph J. Pass
>jjp@jpilaw.com
>Joseph S. Pass
>jsp@jpilaw.com
>Steven E. Winslow
>sw@jpilaw.com
>JUBELIRER, PASS & INTRIERI, P.C.
>219 Fort Pitt Boulevard
>Pittsburgh, Pennsylvania 15222
>Phone: 412.281.3850
>Fax: 412.281.1985

By: *Christian A. Angotti*